ZOMERHUIS v. BLANKVOORT.

REFORMATION OF INSTRUMENTS—DEEDS—MUTUAL MISTAKE.

 In a suit by the grantees for the reformation of a deed, on the ground of mutual mistake, the decree in favor of plaintiffs, *held*, justified by the record.[1]

Appeal from Kent; Dunham (Major L.), J.  ˙ Submitted April 14, 1926.    (Docket No. 89.)    Decided June 7, 1926.

Bill by Frederick Zomerhuis and another against Johanna Blankvoort and another to reform a deed on the ground of mutual mistake.    From a decree for plaintiffs, defendants appeal.    Affirmed.

[1]Reformation of Instruments, 34 Cyc. p. 986.

*Martin H. Carmody,* for plaintiffs.

*Howard A. Ellis,* for defendants.

McDONALD, J.    The purpose of this action is to reform a deed on the ground of mutual mistake.    On July 18, 1919, the defendant Johanna Blankvoort sold and deeded to the plaintiffs a portion of a certain lot on Baldwin street in the city of Grand Rapids, Kent county, Michigan.    It is the claim of the plaintiffs that the lot was bought by them on observation and inspection; that the defendant pointed out to them the boundaries of the land which she intended to deed to them, and that they bought supposing that they were to receive the specific portion which she pointed out. The land was not surveyed at that time.    In the deed it was described by metes and bounds and as running 50 feet to certain points on the east and west sides. Subsequently it was surveyed, and it was then discovered that the description in the deed did not conform to the understanding of the parties as to the dimensions of the portion which the plaintiffs purchased; that the description should have read 57 feet on the east and west sides instead of 50 feet.    The bill alleges these facts and asks that the deed be reformed so as to make the description conform to the mutual understanding of the parties at the time of the conveyance.    Answering, the defendant Johanna Blankvoort denies that she pointed out the dimensions of the lot which the plaintiffs purchased.    She says that it had not been surveyed and that she did not know where the south line was, but that she sold them 50 feet, and that the description in the deed gave them 50 feet; that there was no mistake, and that the deed ought not to be reformed.    Isaac De Gagter was made a party defendant because, subsequent to the sale to the plaintiffs, Johanna Blankvoort gave him a mortgage on certain property in which the portion here in

dispute was included. On the hearing the court entered a decree reforming the deed in accordance with the prayer of the bill. The defendants have appealed.

The issue involves a question of fact only. Does the evidence support the finding of the court that, when the plaintiffs bought this property, the defendant Blankvoort pointed out to them the exact boundaries and agreed to convey that specific portion? The plaintiffs testified that they visited this property on two occasions prior to the consummation of the sale, and that on both of these occasions the defendant Blankvoort pointed out the exact north and south boundaries; that she fixed the north boundary by a tree and the south boundary at a point two feet south of a small barn on the premises. The defendant testified that she did not know where the boundary lines were and did not indicate them to the plaintiffs. To some extent the testimony of the plaintiffs is supported by that of Henry Blankvoort, a son of the defendant. He brought the plaintiffs to look at the property and was present when they talked with his mother. On his cross-examination he testified that she showed them where the south boundary line was by marking with her foot on the ground. Quite naturally they would want to know whether the barn stood on the land which they were purchasing. But probably the strongest evidence that Mrs. Blankvoort pointed out the exact boundaries is found in the fact that the parties lived up to the boundary lines, as claimed by the plaintiffs, for three years after the conveyance. We think it is fairly established by the evidence that after the sale Mrs. Blankvoort recognized the plaintiffs' right to the exclusive possession of that portion of the land which they claim she pointed out to them. She caused a clothes pole to be set on the line; she graded and seeded her lot up to the line and stretched

a wire along and on the line.     The plaintiffs assumed to own up to this line and exercised acts of ownership to which she made no objections.

It is not necessary to extend this opinion by a discussion of all of the testimony bearing on the question in issue.     Our examination of the entire record leads us to the same conclusion as was reached by the circuit judge.     The plaintiffs bought a specific portion of land, the boundaries of which were pointed out to them by the defendant.     Both parties intended the description in the deed to include this land.     The fact that it did not was not discovered until the property was surveyed some three years thereafter.     In reforming the deed to conform to the original agreement of the parties the court correctly disposed of the issue.

The decree is affirmed, with costs to the plaintiffs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.